[Cite as *State v. Noble*, 2014-Ohio-5485.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                          CASE NO.  8-14-06

    v.

JUSTIN DYLAN NOBLE,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR13-07-0178

Judgment Affirmed

Date of Decision:   December 15, 2014

APPEARANCES:

    *Natalie J. Bahan* **for Appellant**

    *William T. Goslee*  **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Justin Noble, appeals the judgment of the Court of Common Pleas of Logan County convicting him of complicity to grand theft of a motor vehicle, complicity to theft, theft of a motor vehicle, and possessing criminal tools and sentencing him to an 18-month prison sentence. On appeal, Noble argues that the trial court erred in running his 18-month sentence consecutive to a separate 10-year prison sentence he is serving out of Clinton County. Noble contends that the trial court erred by failing to make the statutorily required findings and by imposing the maximum sentence. For the reasons that follow, we affirm in part and reverse in part the trial court's judgment.

{¶2} On June 27, 2013, a complaint was filed in the Bellefontaine Municipal Court charging Noble with theft of a motor vehicle in violation of R.C. 2919.02(A)(1)(5), a felony of the fourth degree. Subsequently, Noble was bound over to the Court of Common Pleas of Logan County and was released on his own recognizance.

{¶3} On July 9, 2013, the Logan County Grand Jury indicted Noble on two counts of complicity to grand theft of a motor vehicle in violation of R.C. 2923.03(A) and 2913.02(A)(1)(5), felonies of the fourth degree; one count of complicity to theft in violation of R.C. 2923.03(A), 2913.02(A)(1), and 2913.71(A), a felony of the fifth degree; 12 counts of complicity to theft in

violation of R.C. 2923.03(A) and 2913.02(A)(1), misdemeanors of the first degree; one count of complicity to criminal damaging or endangering in violation of R.C. 2923.03(A) and 2909.06(A)(1), a misdemeanor of the second degree; and one count of complicity to grand theft in violation of R.C. 2923.03(A) and 2913.02(A)(1)/(B)(4), a felony of the third degree. On September 11, 2013, the State filed an amended indictment and charged Noble with theft of a motor vehicle in violation of R.C. 2913.02, a felony of the fourth degree; and one count of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree. The indictment arose from Noble's alleged participation in a string of break-ins throughout Logan County.

{¶4} While Noble was released on his own recognizance and awaiting trial in this matter, he allegedly participated in another string of break-ins from July 9 to July 20, 2013. The break-ins occurred in Clinton, Greene, Warren, and Highland Counties. Noble's conduct in Clinton County resulted in the return of an indictment with more than 50 counts. Noble subsequently pled guilty to 35 separate offenses with 35 separate victims. As a result of his guilty plea, Noble received a 10-year prison sentence out of Clinton County in Case No. 2013-5229.

{¶5} On February 5, 2014, pursuant to a plea agreement, Noble entered guilty pleas to counts I (complicity to grand theft of a motor vehicle), III (complicity to theft), XVIII (theft of a motor vehicle), and XIX (possession of

Case No. 8-14-06

criminal tools). The State dismissed the remaining counts of the amended indictment.

{¶6} On February 7, 2014, the trial court sentenced Noble to an 18-month prison sentence for Counts I and XVIII, and a 12-month prison sentence for Counts III and XIX. The court ordered that the prison terms run concurrently for a total prison term of 18-months. However, the court found that the 18-month prison term should run consecutive to Noble's 10-year prison sentence he received for Case No. 2013-5229 out of Clinton County. On March 28, 2014, the trial court issued a judgment entry journalizing Noble's conviction and sentence.

{¶7} Noble timely appealed this judgment, presenting the following assignment of error for our review.

*Assignment of Error*

**THE RECORD DOES NOT SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES, THE TRIAL COURT DID NOT MAKE THE SPECIFIC FINDINGS NECESSARY TO SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES, AND THE SENTENCE IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW.**

{¶8} In his sole assignment of error, Noble argues that the trial court erred by imposing a maximum and consecutive sentences and by failing to make the statutory findings required by R.C. 2929.14(C)(4). We disagree.

-4-

Case No. 8-14-06

*Maximum Sentence*

{¶9} Trial courts have full discretion to impose any sentence within the statutory range. *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. Since Noble was convicted of fourth and fifth degree felonies, the relevant prison sentence range is between six and eighteen months for a felony of the fourth degree and between six and twelve months for a felony of the fifth degree. R.C. 2929.14(A)(4), (5). "A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record or otherwise contrary to law." *State v. Barrera*, 3d Dist. Putnam No. 12-12-01, 2012-Ohio-3196, ¶ 20. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is in a better position to judge the defendant's chances of recidivism and determine the effects of the crime on the victim. *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16.

{¶10} R.C. Chapter 2929 governs sentencing. R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender." R.C. 2929.11(A). In

advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* Meanwhile, R.C. 2929.11(B) states that felony sentences must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and also be consistent with sentences imposed in similar cases. In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism. R.C. 2929.12(A). However, the trial court is not required to make specific findings of its consideration of the factors. *State v. Kincade,* 3d Dist. Wyandot No. 16–09–20, 2010–Ohio–1497, ¶ 8.

{¶11} Here, the trial court sentenced Noble to 18 months for his fourth degree felonies and 12 months for his fifth degree felonies, which fall within the statutory range for fourth and fifth degree felonies. While the trial court did not state on the record that it considered the required statutory factors at the sentencing hearing, it made clear in its judgment entry that it did consider R.C. 2929.11 and 2929.12. After reviewing the record, we cannot find that the trial court erred in imposing this sentence. Although the record does not indicate that Noble's offenses were more serious than others, it does reveal that he is at a high

risk of recidivism. In addition to the Presentence Investigation Report indicating that Noble was a "very high risk" for recidivism, a finding that he is likely to commit future crimes is also supported by several statutory factors under R.C. 2929.12(D). Specifically, Noble has an extensive criminal record, R.C. 2929.12(D)(2); he has failed to conform his conduct to the law despite previously being adjudicated a delinquent child, R.C. 2929.12(D)(3); he has failed to adequately seek treatment for his drug use, R.C. 2929.12(D)(4); and he has not offered remorse for his crimes, R.C. 2929.12(D)(5). In light of the extensive evidence suggesting the likelihood of Noble's recidivism, we find no error in the trial court's imposition of a maximum sentence.

*Consecutive Sentences*

{¶12} The revisions to the felony sentencing statutes under H.B. 86 now require a trial court to make specific findings on the record, as set forth in R.C. 2929.14(C)(4), when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11. Revised Code 2929.14(C)(4) now provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} When imposing consecutive sentences, Crim.R. 32(A)(4) provides that "a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 30. Further, the court should also include its statutory findings in the sentencing entry because a court speaks through its journal. *Id.* at ¶ 29, citing *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 47. However, a trial court is not required to give a "talismanic incantation" of R.C. 2929.14(C)(4), nor is it required to state reasons that support its finding. *Bonnell* at ¶ 37.

{¶14} At Noble's sentencing hearing, the court stated:

Court finds that a consecutive sentence between the two counties is necessary to protect the public, to punish the defendant, and that

-8-

> such finding is not disproportionate. Court finds that in Logan County the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct. The court finds that defendant's criminal history shows that consecutive terms are needed to protect the public.

Sentencing Tr., p. 20. Thus, the trial court made the three statutorily required findings. First, the court found that a consecutive sentence was necessary to protect the public and to punish Noble. It also found that the sentence was not disproportionate to the crime. Lastly, the court found that Noble's criminal history demonstrated that consecutive sentences were necessary to protect the public.[1]

{¶15} On appeal, Noble argues that these findings are not supported on the record. He argues that he does not have a significant criminal history because his convictions in Case No. 2013-5229 from Clinton County were his first adult felony convictions and he was only 19-years old at the time. However, Noble fails to acknowledge that he has five separate cases from juvenile court, and that his "first adult felony convictions" were for 24 different felonies with 24 separate victims. In the same case, he also pled guilty to 11 first degree misdemeanor charges. Clearly, Noble's time spent in juvenile court did not deter him from committing future crimes as a 19-year old.

---

[1] We also note that the trial court made another finding that Noble's conduct resulted in a great or unusual harm but failed to find that the offenses were committed as part of Noble's course of criminal conduct. However, because the trial court properly made a finding pursuant to R.C. 2929.14(C)(4)(c), it does not matter to our analysis.

**{¶16}** Noble also argues that consecutive sentences are disproportionate to the offenses he committed. However, Noble does not explain why his sentences are disproportionate, either by citing to the sentences of his codefendants or other defendants in similar cases. We note that Noble was originally indicted on 17 different counts in this case, and pursuant to a plea agreement, the State dismissed all but four counts. Further, Noble was originally indicted on over 50 counts in Clinton County, and Noble eventually pled guilty to 35 counts. Noble's criminal conduct is extensive and running his 18-month sentence in this case to his prison sentence in Case No. 2013-5229, was not disproportionate to the offenses he committed.

**{¶17}** Noble states that "there is simply nothing in the record to indicate that this was anything other than a bunch of kids out after dark breaking into cars stealing spare change, cd's and the like, and ultimately, driving away in a car that was vulnerable to theft." (Appellant's Br., p. 7). It is apparent from this statement that Noble lacks any accountability for his actions and his failure to show any remorse supports the trial court's conclusion that Noble is a danger to the public and is likely to recidivate. *See State v. Upkins*, 3d Dist. Shelby No. 17-13-02, 2013-Ohio-3986, ¶ 22.

**{¶18}** Lastly, Noble contends that he is being punished "twice for the same behavior." (Appellant's Br., p. 7). While certainly both trial courts considered all

of Noble's criminal history when imposing his sentence, it is what they were statutorily required to do. Further, Noble is not being punished twice for the same behavior, but being punished twice for different sets of crimes that happened on different dates, and in different locations. Noble also claims that he likely received a longer sentence in Clinton County because that court was aware of his pending charges in Logan County. We cannot find that this argument is supported by the record. Indeed, it appears that the court in Clinton County was rather lenient toward Noble. For example, Noble pled guilty to five separate counts of burglary in Clinton County, facing a maximum sentence of eight years for each count, a total of 40 years in prison. The sentencing court in Clinton County did not impose the maximum sentence, but instead sentenced Noble to a five-year prison term and ran his burglary convictions concurrently to one another.

{¶19} Accordingly, we find that the imposition of maximum and consecutive sentences was not clearly and convincingly contrary to law.

*Sentencing Entry*

{¶20} Albeit making the statutorily required findings at the sentencing hearing, the trial court failed to incorporate these findings in its sentencing entry. Pursuant to *Bonnell*, a trial court must not only make the statutory findings at the sentencing hearing, but incorporate those findings into its sentencing entry. *Bonnell*, 2014-Ohio-3177, ¶ 29. However, *Bonnell* also stated that "[a] trial

court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-111, ¶ 15. In this case, the court made the requisite findings in open court but did not incorporate those findings into its sentencing entry. Therefore, we sustain Noble's sole assignment of error only to the extent that the trial court failed to include the statutory findings in its sentencing entry. Otherwise, we overrule Noble's sole assignment of error.[2]

**{¶21}** In conclusion, we find that the record supports maximum and consecutive sentences, that the trial court made the necessary consecutive-sentence findings at the sentencing hearing, and that Noble's sentence is not contrary to law. However, we find that the trial court erred insofar as it failed to incorporate its findings into its judgment entry. Therefore, we affirm Noble's sentence but reverse as to the clerical mistake omitted from the judgment entry, and remand this

---

[2] Moreover, the trial court did not identify Noble's prior conviction from Clinton County to which the sentence in this case was to be consecutively served. In situations where the trial court is ordering a sentence to be served consecutive to a sentence in a different case, we have found that a trial court should make clear the nature of the previous offense and the length of the current sentence as well as the case number for the previous offense. *See State v. Good*, 3d Dist. Logan No. 8-04-37, 2005-Ohio-2660, ¶ 4, fn. 1; *see also State v. Raymond*, 3d Dist. Allen No. 1-13-23, 2014-Ohio-556, ¶ 29 (Rogers, J., dissenting) ("[A]n order imposing a consecutive sentence is incomplete when it cannot be determined from a reading of the sentencing entry as to what case the current sentence is to be served consecutive."). Therefore, the trial court made another clerical error by failing to identify Noble's prior conviction to which his sentence was to be served consecutively and the trial court should also correct this error when issuing a nunc pro tunc sentencing entry.

matter for the trial court to incorporate its consecutive-sentence findings into its judgment entry.

*Judgment Affirmed in Part*
*Reversed in Part and*
*Cause Remanded*

**SHAW and PRESTON, J.J., concur.**

**/jlr**