[Cite as *State v. Hill*, 2015-Ohio-4724.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 16-15-06

    v.

PATRICK J. HILL,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 14-CR-0162

Judgment Affirmed

Date of Decision: November 16, 2015

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Douglas D. Rowland* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant Patrick J. Hill ("Hill") appeals the May 21, 2015, judgment of the Wyandot County Common Pleas Court sentencing Hill to 8 years in prison after Hill pled guilty to one count of Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree.

{¶2} On October 15, 2014, Hill was indicted for Aggravated Robbery in violation of R.C. 2911.01(A)(3), a felony of the first degree, Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and Theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. (Doc. No. 18). The charges stemmed from an incident occurring on or about September 21, 2014, wherein Hill inflicted serious physical harm upon a victim and took the victim's debit card. (*Id.*)

{¶3} On October 16, 2014, Hill was arraigned and he pled not guilty to the charges. (Doc. No. 28).

{¶4} On April 7, 2015, a change-of-plea hearing was held wherein Hill agreed to plead guilty to Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and in exchange the State agreed to dismiss the remaining charges against Hill. The agreement was reduced to writing and signed by all parties involved. (Doc. No. 56).

**{¶5}** At the change-of-plea hearing the trial court conducted a full Crim.R. 11 colloquy with Hill and determined that Hill understood the rights he was waving and that Hill was knowingly, intelligently and voluntarily entering his guilty plea. (Apr. 7, 2015, Tr. 7-11). Hill also admitted to a factual basis underlying the charge; specifically that he knowingly caused serious physical harm to the victim late at night on September 20, 2014, or in the early morning hours of September 21. (*Id*. at 11). The trial court then determined that there was a factual basis for Hill's guilty plea, accepted the plea, and found Hill guilty of Felonious Assault.[1] A pre-sentence investigation was ordered and sentencing was set for a later date. A judgment entry reflecting the court's finding of guilt (and what occurred at the hearing) was filed April 13, 2015. (Doc. No. 61).

**{¶6}** On May 20, 2015, a sentencing hearing was held. At the sentencing hearing Hill gave a brief statement requesting mercy from the trial court, stating that he was drunk and high at the time of the incident, and stating that he was sorry for the incident. Hill's counsel then requested leniency from the court, specifically seeking a sentence on the lower-to-middle range of the 2-8 year possible prison term.

**{¶7}** The State recommended that Hill receive a maximum 8-year prison term based on Hill's significant criminal history, the fact that the victim had

---

[1] At the hearing the State also moved to dismiss the remaining charges against Hill, and that motion was granted.

autism making him vulnerable, and the fact that Hill also took things from the victim.[2] A victim's advocate spoke at the sentencing hearing and indicated that the victim had "brain bleeding" as a result of the assault and was life-flighted to Columbus. The medical bills totaled in excess of $28,000.

**{¶8}** The trial court then proceeded to sentence Hill and began by reciting Hill's significant criminal history, the fact that Hill was an admitted drug addict and had been for a long time, the fact that Hill had no job, owed a significant amount of child support, that he attacked a vulnerable adult, that he "minimized" his crime, and that the victim suffered serious physical and emotional harm. Following these findings, the trial court ordered Hill to serve a maximum 8-year prison term. A judgment entry memorializing Hill's sentence was filed May 21, 2015.

**{¶9}** It is from this judgment that Hill appeals, asserting the following assignments of error for our review.

**ASSIGNMENT OF ERROR 1**
**THE TRIAL COURT COMMITTED ERROR IN SENTENCING THE APPELLANT TO A MAXIMUM PRISON TERM BY BASING ITS DECISION ON A FACT THAT WAS ALREADY CONSIDERED AND INCORPORATED INTO THE STATUTE BY THE OHIO LEGISLATURE WHEN IT DETERMINED THE LEVEL OF OFFENSE.**

---

[2] Although the indictment only specified that a debit card was taken from the victim, the record contains allegations that other things were taken from the victim as well such as his watch, his phone, and money. (Court's Ex. 2).

**ASSIGNMENT OF ERROR 2**
**THE TRIAL COURT COMMITTED ERROR IN DETERMINING THE APPELLANT HAS THE GREATEST LIKELIHOOD OF RECIDIVISM IN MAKING THAT FINDING IN IMPOSING SENTENCE HEREIN.**

*First Assignment of Error*

{¶10} In Hill's first assignment of error, he argues that the trial court erred by "basing its decision" to sentence him to a maximum prison term on the fact that the victim suffered serious physical harm as a result of the Felonious Assault. Specifically, Hill argues that the trial court improperly relied on the serious physical harm element of Felonious Assault as the basis for imposing a maximum prison term.

{¶11} Trial courts have full discretion to impose any sentence within the statutory range. *State v. Saldana,* 3d Dist. Putnam No. 12–12–09, 2013–Ohio–1122, ¶ 20. Since Hill was convicted of a second degree felony, the relevant prison sentence range is between 2 and 8 years. R.C. 2929.14(A)(2). "A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record or otherwise contrary to law." *State v. Barrera,* 3d Dist. Putnam No. 12–12–01, 2012–Ohio–3196, ¶ 20. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph

three of the syllabus. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is in a better position to judge the defendant's chances of recidivism and determine the effects of the crime on the victim. *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Watkins,* 3d Dist. Auglaize No. 2–04–08, 2004–Ohio–4809, ¶ 16.

**{¶12}** Revised Code Chapter 2929 governs sentencing. Revised Code 2929.11(A) provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime and * * * to punish the offender using the minimum sanctions that the court determines accomplish those purposes[.]" In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* Meanwhile, R.C. 2929.11(B) states that felony sentences must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and also be consistent with sentences imposed in similar cases. In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism. R.C. 2929.12(A). However, the trial court is not required

to make specific findings of its consideration of the factors. *Noble*, *supra*, at ¶ 10, citing *State v. Kincade,* 3d Dist. Wyandot No. 16–09–20, 2010–Ohio–1497, ¶ 8.

{¶13} In this case, Hill claims that when the trial court sentenced him, the trial court improperly relied upon the fact that the victim suffered serious physical harm when serious physical harm was already an element of Felonious Assault. While the trial court did mention that the victim suffered serious physical *and* emotional harm, these findings were among a litany of other findings made by the trial court to support its sentence.

{¶14} When the trial court proceeded to sentence Hill, it began by reciting portions of Hill's criminal history, which included a prior "felonious Assault and Trafficking in Drugs, both Felonies [for which Hill] was sent to prison. Six and a half pages of criminal record follow that, and include convictions for: Domestic Violence, Assault, Resisting Arrest, Possession of Cocaine, Possession of Drugs, and Drug Paraphernalia."[3]  (May 20, 2015, Tr. at 12-13).

{¶15} After reciting a portion of Hill's criminal history, the trial court recited that Hill had previously been on supervision, and that he had previously been to multiple treatment centers including the "Betty Jane Center," the "Crossroads Halfway House," "West Central CBCF," and the "Marion Area

---

[3] In addition to what the trial court stated on the record, Hill's PSI also indicated that he had two prior felonies for Receiving Stolen Property.  Furthermore, the PSI actually indicated multiple convictions for Domestic Violence and Assault.  The trial court did not mention many other crimes as well, such as Criminal Mischief, Criminal Damaging and another Theft.

Counseling Center." (Tr. at 13). The trial court recited that Hill stated he had been abusing alcohol and drugs, beginning with marijuana when he was twelve, escalating "to heroin at the age of thirty-eight." (*Id.*)

{¶16} The trial court next recited that Hill had no job and that he owed "thousands of dollars" in child support. We would note that the "thousands of dollars" figure stated by the trial court that Hill was in arrears is perhaps an understatement. The PSI indicated that Hill was in arrears of *at least* $80,000 for his four children.

{¶17} The trial court then went on to state,

> **More troubling is the Defendant's victim was a vulnerable adult, a trusting soul, who has overcome so much, so many obstacles put in his life, to be a productive, hard[-]working, kind and trusting person; a person whose vulnerability the defendant used to come hang out with him, and when he got the victim alone he savagely beat him, hitting and kicking him in the head, even when he was down.**
>
> **Defendant minimized what he did, saying he heard his victim only suffered from a couple black eyes. An intercranial** [sic] **bleed is more than a couple black eyes.**
>
> **Defendant's victim suffered serious physical and emotional harm.**
>
> **Defendant shows no real remorse for his victim, dismissing what he did because he was high on alcohol and drugs.**

(Tr. at 13-14). The trial court then concluded by ordering Hill to serve a maximum 8-year prison term.

{¶18} The clear and extensive findings of the trial court illustrate that the trial court made a number of findings in addition to the seriousness of the physical harm and that all of the factors cited by the trial court supported its decision to order a maximum prison term including Hill's prior criminal history, his lack of amenability to treatment in the past, Hill's life-long drug use and the victim's vulnerability.

{¶19} On the record before us we cannot find that the trial court erred in sentencing Hill to a maximum prison term, or that serious physical harm was the basis underlying its decision. Therefore, Hill's first assignment of error is overruled.

*Second Assignment of Error*

{¶20} In Hill's second assignment of error, he contends that the trial court erred in finding that Hill had the "greatest likelihood of recidivism." Hill argues that the record does not support that Hill had the "greatest" likelihood of recidivism instead of merely a "great" likelihood or a likelihood of recidivism.

{¶21} The statement Hill refers to in this assignment of error comes from the following excerpt after the trial court had announced that it was sentencing Hill to a maximum prison term of 8 years.

> **THE COURT: * * * This is a maximum term and it is because he has committed the worst form of the offense because of the vulnerability of his victim –**

> **THE DEFENDANT:  Bullshit.**
>
> **THE COURT:  -- And he poses the greatest likelihood of recidivism given his criminal history –**
>
> **THE DEFENDANT:  Bullshit.**

(Tr. at 15).

**{¶22}** Even if we were to determine that the trial court erred in using the word "greatest" rather than merely using a "great" likelihood of recidivism or in using the phrase "worst form of the offense," which is no longer a pertinent statutory factor for this offense, the record is replete with other factors that support the trial court's decision to impose a maximum sentence in this case as was stated in the previous assignment of error.[4]  Therefore Hill's argument on this issue is not well-taken, and his second assignment of error is overruled.

**{¶23}** Having found no error prejudicial to Hill in the particulars assigned, Hill's assignments of error are overruled and the judgment of the Wyandot County Common Pleas Court is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**

---

[4] We note that we are not suggesting that the trial court did in fact err, as Hill did have a criminal history spanning 25 years wherein he had been in and out of both prison and jail.  Hill had also been on and off supervision.  He had been through multiple treatments, none of which had apparently changed his behavior.  He had a history of violent offenses and of theft offenses as well, which were similar in nature to the crimes in this case.