[Cite as *State v. Rader*, 2018-Ohio-4367.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HANCOCK COUNTY


STATE OF OHIO,

                                                    CASE NO. 5-18-10

    PLAINTIFF-APPELLEE,

    v.

ROGER L. RADER,                           O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Hancock County Common Pleas Court
Trial Court No. 2018-CR-3

Judgment Affirmed

Date of Decision:  October 29, 2018


APPEARANCES:

    *W. Alex Smith* for Appellant

    *Phillip A. Riegle* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Roger L. Rader ("Rader") appeals the judgment of the Hancock County Court of Common Pleas, alleging that the trial court did not have jurisdiction to impose a sentence for his post-release control violation. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On January 16, 2018, Rader was indicted in Hancock County on one count of theft in violation of R.C. 2913.02(A)(5). Doc. 1. In this case, this charge was a felony of the fifth degree. Doc. 26. At the time of the alleged offense, Rader was subject to post-release control pursuant to a sentence imposed by the Marion County Court of Common Pleas. Doc. 29. On April 23, 2018, Rader pled guilty to the charge against him in Hancock County. Doc. 26. The trial court then sentenced Rader, adopting the joint recommendation of the parties. Doc. 29. As part of this sentence, the trial court found Rader to be in violation of the terms of his post-release control, terminated his post-release control supervision, and sentenced Rader to a term in prison for his post-release control violation. Doc. 29.

*Assignment of Error*

{¶3} On May 14, 2018, Rader filed his notice of appeal. In his appeal, Rader raises the following assignment of error:

> **The trial court lacked jurisdiction to impose time for a violation of post-release control.**

Rader argues that the Hancock County Court of Common Pleas did not have jurisdiction to sentence him for his post-release control violation because his term of post-release control arose from a sentence imposed by the Marion County Court of Common Pleas.

*Legal Standard*

{¶4} R.C. 2929.141(A) reads, in its relevant part, as follows:

**(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following *regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control*:**

**(1) In addition to any prison term for the new felony, *impose a prison term for the post-release control violation*. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.**

(Emphasis added).  R.C. 2929.141(A)(1).

*Legal Analysis*

{¶5} In this appeal, neither party disputes that Rader committed a felony while on post-release control.  Under these circumstances, R.C. 2929.141(A)

expressly gives Ohio courts the authority to impose a prison sentence for a violation of post-release control "regardless of whether * * * another court of this state imposed the original prison term for which the person is on post-release control." R.C. 2929.141(A)(1). Thus, the trial court, in this case, had jurisdiction to sentence Rader to a prison term for his post-release control violation. For this reason, Rader's sole assignment of error is overruled.

### *Conclusion*

**{¶6}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Hancock County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/hls**