[Cite as *State v. Woten*, 2020-Ohio-2786.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                 CASE NO. 2-19-14

      v.

ASHLEY WOTEN,                        **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2019 CR 0060

Judgment Affirmed

Date of Decision:  May 4, 2020

APPEARANCES:

    *Gerald F. Siesel*  **for Appellant**

    *Benjamin R. Elder* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Ashley N. Woten ("Woten"), appeals the October 17, 2019 judgment entry of sentence of the Auglaize County Common Pleas Court. For the reasons that follow, we affirm.

{¶2} The genesis of this case is a traffic stop initiated by the St. Mary's Police Department in St. Mary's, Ohio on November 8, 2018 at 12:07p.m.   The stop occurred at the behest of the Grand Lake Task Force who was conducting surveillance in the area.  Ultimately, Woten—a passenger in the vehicle—was found to be in possession of two syringes (in her underwear) and soaked-cotton balls (in her contact-lens case) which contained trace amounts of cocaine, fentanyl, and methamphetamine.

{¶3} As a result and on February 21, 2019, the Auglaize County Grand Jury indicted Woten on three criminal counts including:  Counts One and Three of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), both fifth-degree felonies and Count Two of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a fifth-degree felony.[1]  (Doc. No. 1.)  At the time of the offense, Woten was subject to post-release control ("PRC") under a sentence imposed by the Shelby County Court of Common Pleas in case number 2017-CR-49 for possession of drugs in violation of R.C. 2925.11, a fifth-degree felony, and

---

[1] Count One involved aggravated possession of methamphetamines and Count Three aggravated possession of fentanyl.  (Doc. No. 1).

possession of criminal tools in violation of R.C. 2923.24, a fifth-degree felony. (Aug. 7, 2019 Tr. at 24-26). (Presentence Investigation Report ("PSI") at 6).

**{¶4}** On March 4, 2019, Woten appeared for arraignment and entered pleas of not guilty. (Case No. 2019-CR-60, Doc. No. 10).

**{¶5}** On August 7, 2019, Woten withdrew her pleas of not guilty and entered a guilty plea, under a written plea agreement, to Count One in case number 2019-CR-60.[2] (Case No. 2019-CR-60, Doc. Nos. 37, 38). In exchange for her change of plea, the State agreed to dismiss Counts Two and Three in case number 2019-CR-60 and to recommend that Woten be sentenced to community-control sanctions.[3] (*Id.*).

**{¶6}** At the change-of-plea hearing, the State and Woten's trial counsel sought to amend the escape charge in case number 2019-CR-184 to an attempted escape under R.C. 2923.02(A) pursuant to plea negotiations; however, after further discussion with the trial court, the escape charge (in case number 2019-CR-184) was to be dismissed as part of Woten's negotiated plea in case number 2019-CR-60.[4] (Aug. 7, 2019 Tr. at 4-8).

---

[2] At the time of her change of plea, Woten had also been indicted by the Auglaize County Grand Jury in case number 2019-CR-184 on one count of escape in violation of R.C. 2921.34(A)(1), (C)(2)(b), a third-degree felony. (Aug. 7, 2019 Tr. at 4-8).

[3] In addition, the State agreed to not object to the preparation of a PSI or a recognizance bond pending sentence. (Doc. No. 37).

[4] Subsequently, the State, Woten, and her trial counsel noted the dismissal of case number 2019-CR-184 on the written plea agreement delineating the addition with their respective initials. (Doc. No. 37).

{¶7} The trial court accepted Woten's guilty plea, dismissed Counts Two and Three in case number 2019-CR-60, and ordered the preparation of a PSI. (Case No. 2019-CR-60, Doc. No. 38); (Aug. 7, 2019 Tr. at 13, 21). During the trial court's colloquy with Woten after accepting her guilty plea, Woten disclosed that she was on PRC in Shelby County, Ohio at the time of the commission of the offense.[5] (Aug. 7, 2019 Tr. at 26-33). After advising Woten of the consequence of entering the guilty plea while on PRC, the trial court accepted Woten's guilty plea anew. (Case No. 2019-CR-60, Doc. No. 38); (Aug. 7, 2019 Tr. at 31-34).

{¶8} On October 16, 2019, the trial court sentenced Woten to serve 12 months in prison as to Count One in case number 2019-CR-60.[6] (Case No. 2019-CR-60, Doc. No. 46). Further, the trial court terminated Woten's PRC and ordered, in addition to the 12 months as to Count One, that Woten serve an additional 967 days for the PRC violation.[7] (Id.); (Oct. 16, 2019 Tr. at 11). The judgment entry was filed on October 17, 2019. (Case No. 2019-CR-60, Doc. No. 46).

{¶9} On November 15, 2019, Woten filed a notice of appeal. (Case No. 2019-CR-60, Doc. No. 59). She raises one assignment of error for our review.

---

[5] Woten's disclosure came as a surprise to everyone in the courtroom. (Aug. 7, 2019 Tr. at 26).

[6] The trial court stated that it had executed a dismissal in case number 2019-CR-184 memorializing it on the record in case number 2019-CR-60 under the negotiated plea. (Oct. 16, 2019 at 3).

[7] The trial court determined that Woten was entitled to 99 days' jail-time credit. (Doc. No. 46). The trial court further ordered Woten to pay court costs, that all monies held for bond be released and applied toward those costs, and that the collection of remaining restitution, fines, and costs be stayed until Woten is released from the Ohio Department of Rehabilitation and Correction. (Id.).

**Assignment of Error**

**The Trial Court's Sentence Of The Defendant-Appellant To An Aggregate Maximum Sentence Totalling (3) Years And (7 1/2) For A Felony Five Drug Abuse Charge And Post Release Control Violation Constituted Clear And Convincing Violation Of The Law In Failing To Properly Consider And Apply The Felony Sentencing Guidelines Set Forth In Ohio Revised Code Section 2929.11 And 2929.12.**

{¶10} In her assignment of error, Woten argues that the trial court erred by imposing a prison term as to Count One and to her PRC violation pursuant to R.C. 2929.11 and 2929.12. We disagree.

*Standard of Review*

{¶11} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶12} Because the facts before us involve the commission of a new felony and a PRC violation, we must first determine whether the trial court was authorized

under R.C. 2929.141 to impose a prison term for the new felony and the PRC violation.

{¶13} R.C. 2929.141(A) reads, in its pertinent parts, as follows:

A) Upon the conviction of or plea of guilty to a felony by a person on postrelease control at the time of the commission of the felony, the court may terminate the term of postrelease control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on postrelease control:

(1) In addition to any prison term for the new felony, impose a prison term for the postrelease control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

R.C. 2929.141(A)(1). In this appeal, there is no question that Woten committed a new felony while on PRC. (Aug. 7, 2019 Tr. at 24-26). (PSI at 6). (Oct. 16, 2019 Tr. at 4). As such, R.C. 2929.141(A) expressly authorizes Ohio courts to impose a prison term for a PRC violation. *State v. Rader*, 3d Dist. Hancock No. 5-18-10, 2018-Ohio-4367, ¶ 5, citing R.C. 2929.141(A)(1).

{¶14} Addressing Woten's argument regarding the trial court's consideration of R.C. 2929.11 and R.C. 2929.12, "[i]t is well-established that the

statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 37.

{¶15} In this case, Woten's fifth-degree-felony conviction under Count One, aggravated possession of drugs, carries a non-mandatory prison term of six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2925.11(A), (C)(1)(a); 2929.13(B)(2), (E)(1) (Oct. 31, 2018) (current version at R.C. 2929.13(B)(2), (E)(1) (Oct. 17, 2019)); 2929.14(A)(5) (Oct. 31, 2018) (current version at R.C. 2929.14(A)(5) (Mar. 22, 2019)). Because the trial court sentenced Woten to 12 months in prison plus the additional 967 days for her PRC violation under R.C.

2929.141(A)(1), which it may do, the trial court's sentence falls within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶16} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 6th Dist. Lucas No. L-10-1179, 2011-Ohio-5032, ¶ 18, citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶17} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶18} At Woten's sentencing hearing and in its sentencing entry, the record supports that the trial court considered the R.C. 2929.11 and 2929.12 factors. (Oct. 16, 2019 Tr. at 12); (Case No. 2019-CR-60, Doc. No. 46). Specifically, the trial court considered "the purposes and principles of sentencing set forth in R.C. 2929.11," and in exercising its discretion, the trial court considered those factors "relating to the likelihood of the offender's recidivism" provided in division (D) as required by R.C. 2929.12(A) when the court considered the need to deter or incapacitate Woten. (*Id.*); (*Id.*). R.C. 2929.12(A). And, in assessing whether Woten was likely to commit future crimes, the trial court referenced Woten's criminal record arising out of multiple Ohio counties and Indiana.[8] (Oct. 16, 2019

---

[8] Woten has had felony convictions in the following Ohio counties: Allen (burglary, receiving stolen property), Hamilton (escape), Shelby (possession of drugs and possessing criminal tools), and Van Wert

Tr. at 10-11). (PSI at 4-6). R.C. 2929.12(D)(1), (D)(3), (E)(1). Moreover, the trial court considered the circumstances under which Woten committed the offense (while on community-control sanctions in Hamilton County and on PRC in Shelby County) and ultimately determined that deterrence and rehabilitation for Woten would be unsuccessful given her prior treatment commitments and "[her] pattern of self-destructive behavior".[9] (Oct. 16, 2019 Tr. at 10-11). Thus, the trial court determined that protection of the public overrode the other purposes and principles in R.C. 2929.11 when it sentenced Woten to prison. (Oct. 16, 2019 Tr. at 11-12). R.C. 2929.12(A). *See* R.C. 2929.13(B)(2).

{¶19} Moreover, the trial court considered the PSI information which detailed Woten's failure to comply with the terms of community-control sanctions by using illegal drugs, absconding from supervision, failing to report to the Adult Parole Authority, her failure to inform her parole/probation officers when she changed residences, and her refusal to enter and complete treatment at the Western Ohio Regional Treatment and Habilitation Center ("W.O.R.T.H. Center").[10] (Oct. 16, 2019 Tr. at 10). (PSI at 4-5).

---

(complicity to commit robbery). She has also had a felony conviction in Adams County, Indiana (assisting a criminal). (PSI at 4-6).

[9] It is unclear from the record whether Woten was released on bond in case number 2019-CR-184 at the time of the commission of the offense.

[10] Woten had previously been offered treatment at the W.O.R.T.H. Center in 2007 which she completed in 2008. She was refused a subsequent opportunity in 2011 by Allen County Common Pleas Court, General Division ("ACCPC"). (PSI at 4-5). After a second denial in 2012 by ACCPC, Woten was permitted another opportunity for treatment at the W.O.R.T.H. Center that same year. (*Id.*). Subsequently, Woten failed to enter and complete the program. (*Id.*). Woten also attended a treatment program at Devlac Hall which she completed although the year of admission and completion are unknown. (*Id.*).

{¶20} In our review of the record, the trial court's findings are clearly and convincingly supported by the record. Thus, we conclude that it was within the trial court's discretion to impose a prison sentence as "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A).

{¶21} Accordingly, Woten's sentence is not clearly and convincingly contrary to law because it is within the permissible statutory range and because the trial court properly considered the criteria found in R.C. 2929.11 and 2929.12. *See Maggette*, 2016-Ohio-5554, at ¶ 36.

{¶22} Accordingly, Woten's assignment of error is overruled.

{¶23} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in his assignment of error, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**