[Cite as *State v. Miller*, 2022-Ohio-2187.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO. 8-22-04

    v.

JILL N. MILLER,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 20 05 0111

**Judgment Affirmed**

Date of Decision: June 27, 2022

APPEARANCES:

    *Dale D. Cook* for Appellant

    *Eric C. Stewart* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Jill N. Miller ("Miller") brings this appeal from the judgment of the Court of Common Pleas of Logan County. On appeal Miller claims that the sentence imposed was excessive. For the reasons set forth below, the judgment is affirmed.

{¶2} On November 12, 2021, Miller, pursuant to a plea agreement, changed her plea to guilty to one count of identity fraud in violation of R.C. 2913.49(E),(I)(2), a felony of the second degree. Doc. 83. The State then requested the dismissal of the remaining counts. Doc. 83. On December 20, 2021, the trial court held a sentencing hearing. Doc. 87. The trial court ordered that Miller serve a prison term of five years to a maximum of seven and one-half years. Doc. 87. Miller appeals from this sentence and on appeal raises one assignment of error.

> **The trial court's unduly harsh and excessive sentence was clearly and convincingly unsupported by the record.**

{¶3} Miller's sole assignment of error claims that her sentence was excessive based upon the record before it. Pursuant to R.C. 2953.08(G)(2), an appellate court will only reverse a sentence "if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1, 59 N.E.3d 1231. "Trial courts have full discretion to impose any sentence within the statutory range." *State v. Noble*, 3d Dist. Logan No. 8-14-

06, 2014-Ohio-5485, ¶ 9. Any sentence imposed within the statutory range is not contrary to law as long as the trial court considers the factors set forth in R.C. 2929.11 and 2929.12. *State v. Silfe*, 3d Dist. Auglaize No. 2-20-17, 2021-Ohio-644, ¶ 10. The Supreme Court of Ohio has held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 39, 169 N.E.3d 649. The Court further held that an appellate court errs if it modifies or vacates a sentence "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12." *Id*. at ¶ 29.

{¶4} Here, Miller claims her sentence exceeds that which is needed pursuant to the factors set forth in R.C. 2929.11. Miller argues that the trial court basically imposed a maximum sentence despite the State's recommendation of a four year sentence and Miller's lack of a criminal record. This Court initially notes that Miller was convicted of a felony of the second degree. The penalties for a second degree felony range from two to eight years in prison. R.C. 2929.14(A)(2)(a). The minimum sentence imposed by the trial court was five years. In accordance with R.C. 2929.144, the maximum sentence would then be a potential seven and one-half years. At this time, Miller is not required to serve more than five years, which is within the range of sentences for her offense. Because it is within the range and the

trial court considered the appropriate statutes, the sentence is presumptively valid. *State v. Foster*, 3d Dist. Union No. 14-20-17, 2021-Ohio-3408. This court has no authority to modify or vacate the sentence based upon a claim that the sentence is not supported by the record. This reason alone is sufficient to overrule the assignment of error.

{¶5} Additionally, Miller acknowledged that she would be subject to an indefinite sentence which could extend her minimum sentence by 50%. Doc. 83. The plea agreement also informed Miller that, despite the State's agreement to recommend a sentence of four years, the trial court was not required to follow the recommendation. Doc. 83. At the change of plea hearing, Miller was advised that she was agreeing to the following:

> **The Court: * * * The State will recommend a prison sentence of not more than four years. Reagan Tokes applies. Agreed restitution figure of $627,849.16. I know that the sentence I will receive is solely a matter within the control of the judge. I understand if the State has agreed to a sentencing recommendation, the Court is not bound to accept the recommendation.**
>
> **\* \* \***
>
> **The possible then [sic] indefinite sentencing reads as follows: For first- and second-degree felonies, I understand that for a qualifying felony two, the judge will select a term from the existing range of two, three, four, five, six, seven, or eight years and that number will be the minimum term, which would be as stated two, three, four, five, six, seven, or eight years. The maximum term is the minimum term plus 50 percent or one half of that minimum term imposed on the most serious qualifying**

**felony one or felony two offense being sentenced; therefore, the maximum sentence would be eight years plus the 50 percent would be four years, so eight to 12 under the Regan [sic] Tokes law. Do you understand the possible maximum penalty?**

**The Defendant: Yes.**

Tr. 8-11. Thus, Miller was aware that she could be sentenced to more than the four years recommended by the State at the time she entered her plea of guilty.

{¶6} For all of the reasons discussed above, this Court finds that Miller has not established by clear and convincing evidence that the prison term imposed was contrary to law. The assignment of error is overruled.

{¶7} Having found no error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Logan County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/jlr**