[Cite as *State v. Cornett*, 2024-Ohio-1238.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

DANNY JAY CORNETT,

    DEFENDANT-APPELLANT.

CASE NO. 2-23-12

O P I N I O N

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2023-CR-74

Judgment Affirmed

Date of Decision:  April 1, 2024

APPEARANCES:

    *Nick A. Catania* for Appellant

    *Benjamin R. Elder* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Danny Jay Cornett ("Cornett"), appeals the October 30, 2023 judgment entry of sentence of the Auglaize County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On May 4, 2023, the Auglaize County Grand Jury indicted Cornett on a single count of the illegal conveyance of drugs of abuse onto grounds of specified governmental facility in violation of R.C. 2921.36(A)(2), a third-degree felony. Cornett appeared for arraignment on May 31, 2023 and entered a plea of not guilty.

{¶3} On September 11, 2023, Cornett withdrew his plea of not guilty and entered a plea of guilty, under a negotiated-plea agreement, to the sole count of the indictment. In exchange for Cornett's change of plea, the State agreed to a joint-sentencing recommendation. The trial court accepted Cornett's guilty plea, found him guilty, and ordered a pre-sentence investigation ("PSI").

{¶4} On October 27, 2023, the trial court sentenced Cornett to 30 months in prison.[1] (Doc. No. 67).

{¶5} On November 6, 2023, Cornett filed a notice of appeal. He raises one assignment of error.

---

[1] The trial court filed its judgment entry of sentence on October 30, 2023.

## Assignment of Error

**The Trial Court's Sentence of the Defendant-Appellant to a Sentence Totaling (30) Months, Being Above the Joint Recommended Sentence Under ORC 2953.08(D)(1) of Community Control is a Clear and Convincing Violation of the Law in Failing to Properly Consider and Apply the Felony Sentencing Guidelines Set Forth in Ohio Revised Code, Section 2929.11 and 2929.12.**

{¶6} In his assignment of error, Cornett challenges the prison sentence imposed by the trial court. Specifically, Cornett argues that his prison sentence is contrary to law because there is clear and convincing evidence that the trial court's imposition of a prison sentence does not comport with the sentencing guidelines under R.C. 2929.11 or 2929.12.

### *Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶8}** On appeal, Cornett contends that the felony-sentencing guidelines under R.C. 2929.11 and 2929.12 weigh in favor of imposing the parties' joint-sentencing recommendation of community control rather than a 30-month prison sentence. However, when imposing a sentence, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9. Here, as a third-degree felony, the illegal conveyance of drugs of abuse onto grounds of specified governmental facility carries a possible sentence of 9- to 36-months imprisonment. R.C. 2921.36(A)(2), 2929.13(C), and 2929.14(A)(3)(b). Because the trial court sentenced Cornett to 30 months in prison, the trial court's sentence is within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

As it relates to this case, trial courts must consider R.C. 2929.11 and 2929.12. R.C. 2929.11 provides, in its relevant part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those

purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B).

{¶9} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.).

{¶10} "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32.

**{¶11}** Thus, when imposing a felony sentence, "it is '[t]he trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 12th Dist. Butler No. CA2017-04-055, 2017-Ohio-9092, ¶ 15, quoting *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

**{¶12}** As Cornett concedes, the trial court considered the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12 at Cornett's sentencing hearing and in its sentencing entry. (Oct. 27, 2023 Tr. at 6); (Doc. No. 67). Nevertheless, Cornett contends that the record does not clearly and convincingly support the trial court's findings under R.C. 2929.11 or 2929.12 because "the record supports that these findings clearly indicate that leniency appropriate [sic] and imposing the prison sentence was contrary to law." (Appellant's Brief at 7). In other words, Cornett disagrees with the trial court's application of the sentencing guidelines under R.C. 2929.11 and 2929.12 to the facts and circumstances of his case. *Compare State v. Reed*, 3d Dist. Union No. 14-20-16, 2021-Ohio-1623, ¶ 17 (resolving that "Reed

simply disagrees with the trial court's application of these factors to the facts and circumstances of his case").

**{¶13}** The record in this case reveals that Cornett's argument is without merit. Importantly, the Supreme Court of Ohio has directed Ohio's courts of appeal that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, at ¶ 31. As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 or 2929.12. *Reed* at ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

**{¶14}** In this case, the trial court determined that a 30-month prison term is consistent with the principles and purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Specifically, after weighing the seriousness and recidivism factors, the trial court concluded that Cornett is likely to commit future crimes because he has a history of

criminal convictions and he has not responded favorably to sanctions previously imposed for those criminal convictions. *See* R.C. 2929.12(D)(2). Importantly, the trial court found that Cornett's "record of violence, including felonious assault, repeated incidences of domestic violence, repeated [operating-a-motor-vehicle-while-intoxicated convictions, and] repeated involvement with the criminal justice system as set forth in the PSI, [indicate that] he's not amenable to treatment." (Oct. 27, 2023 Tr. at 7). Furthermore, the trial court found that Cornett "committed [a] domestic violence, a violent act, while out on bond from this Court." (*Id.* at 8).

{¶15} Based on our review of the record, even though Cornett would have weighed the considerations under R.C. 2929.11 and 2929.12 differently, we conclude that the trial court did not abuse its discretion by imposing a 30-month prison sentence (instead of the parties' joint-sentencing recommendation of community control). *Accord State v. West*, 3d Dist. Seneca No. 13-22-07, 2022-Ohio-4069, ¶ 21. Therefore, because Cornett's sentence is within the sentencing range and the trial court properly considered R.C. 2929.11 and 2929.12, Cornett's sentence is not contrary to law. *See Reed* at ¶ 20.

{¶16} Cornett's assignment of error is overruled.

*Judgment Affirmed*

**WALDICK and MILLER, J.J., concur.**

**/hls**