[Cite as *State v. Kline*, 2010-Ohio-6378.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,            CASE NO. 7-10-09

    PLAINTIFF-APPELLEE,

  v.

JOHN A. KLINE, JR.,           **O P I N I O N**

    DEFENDANT-APPELLANT.

**Appeal from Henry County Common Pleas Court**
**Trial Court No. 09 CR 0038**

**Appeal Dismissed**

**Date of Decision:  December 27, 2010**

APPEARANCES:

    *John P. Goldenetz,* **for Appellant**

    *John H. Hanna,* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, John A. Kline, Jr., appeals the judgment of the Court of Common Pleas of Henry County convicting him of felonious assault with a firearm specification and sentencing him to serve a mandatory three-year prison term for the firearm specification and an eight-year prison term for the felonious assault, for a total eleven-year prison sentence. The trial court also ordered Kline to pay $16,377.77 in restitution to the victim, "plus such additional amounts which may be submitted to the Court for any medical and psychological expenses the victim may incur directly related to his offense." (Jun. 2010 judgment entry, p.3) On appeal, Kline argues that the sentence imposed by the trial court is not supported by the record, that the trial court erred in ordering restitution and that the trial court improperly allowed the prosecution to admit inflammatory evidence at sentencing.

{¶2} Before we can reach the merits of Kline's assignments of error, we must first determine whether jurisdiction exists to hear this appeal.

{¶3} Appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Crim.R. 32(C). *Chef Italiano Corp. v. Kent State Univ*. (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64; *State v. Teague*, 3d Dist. No. 9-01-25, 2001-

Ohio-2286. Additionally, the issue of whether a judgment is a final appealable order is a jurisdictional question, which an appellate court may raise sua sponte. *Chef Italiano Corp.*, 44 Ohio St.3d at 87, 541 N.E.2d 64.

{¶4} R.C. 2505.02(B) discusses final orders and provides, in pertinent part:

> **(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:**
>
> **(1)    An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;**

As R.C. 2505.02(B) requires a final order to "determine the action" and "prevent a judgment," " '[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.' " *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 816 N.E.2d 597, 2004-Ohio-5580, ¶ 4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696, 756 N.E.2d 1241, 2001-Ohio-2593. Further, " '[f]or an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for determination of the court.' " *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 865 N.E.2d 1289, 2007-Ohio-2205, ¶ 45, quoting *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 839 N.E.2d 911, 2006-Ohio-8, ¶ 20.

{¶5}    In the instant case, the trial court's June 21, 2010 judgment entry ordered Kline to "make restitution to the *victim* in the sum of Sixteen Thousand Three Hundred Seventy-seven and 77/100 Dollars ($16,377.77), *plus such additional amounts which may be submitted to the Court for any medical and psychological expenses the victim may incur directly related to his offense less any amounts the victim may receive from the Victims of Crime Fund*, said restitution plus two percent (2%) poundage, to be paid through the Office of the Henry County Clerk of Courts."  (Emphasis added) (June 21, 2010 judgment entry, p.3). However, the June 21, 2010 judgment entry did not specify a victim by name,[1] and did not provide a final determination of the amount of restitution owed by Kline. Rather, it is clear from the language in the judgment entry quoted above, that the trial court left the final amount of restitution to be determined at some point in the future upon the submission of further evidence to the trial court documenting the ongoing medical and psychological expenses incurred by a victim as a result of Kline's offense.

{¶6}    Accordingly, we find that the judgment entry appealed from left issues unresolved and contemplated further action to be taken by the trial court. As such, the judgment entry was not a final appealable order, and this Court is without jurisdiction to hear this appeal.  See *State v. Hartley*, 3d Dist. No. 14-09-

---

[1] We note that the original indictment listing the charges against Kline referenced three victims; however, the charges relating to two of the victims were dismissed at sentencing.

42, 2010-Ohio-2018, ¶ 5 (holding that a judgment entry failing to identify the victims by name and describe how the restitution is allocated among the victims was not a final appealable order); see also, *State v. Kuhn*, 3d Dist. No. 4-05-23, 2006-Ohio-1145, ¶ 8 (finding that a judgment entry failing to specify the amount of restitution or the method of payment was not a final appealable order).

{¶7}    Therefore, we must dismiss Kline's appeal for lack of jurisdiction.

*Appeal Dismissed*

**WILLAMOWSKI, P.J., and PRESTON, J., concur.**
**/jnc**