[Cite as *State v. Graham*, 2020-Ohio-1063.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# AUGLAIZE COUNTY

STATE OF OHIO,

        PLAINTIFF-APPELLEE,

        CASE NO. 2-19-11

        v.

WILLIAM M. GRAHAM,

        O P I N I O N

        DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2019-CR-189

Judgment Affirmed

Date of Decision:  March 23, 2020

APPEARANCES:

    *Nicholas A. Catania* for Appellant

    *Benjamin R. Elder* for Appellee

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant William M. Graham ("Graham") appeals the judgment of the Auglaize County Court of Common Pleas for ordering a sentence in excess of the joint recommendation of the State and the Defense. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{**¶2**} On March 14, 2018, Graham sold a mixture of fentanyl and cocaine to Alex Edson ("Edson"). Tr. 16-17. Edson subsequently died as the result of ingesting the fentanyl in this compound. Tr. 16. The police discovered text messages in which Edson requested to purchase $40.00 worth of drugs from Graham. Tr. 16. In an interview with the police, Graham admitted to selling drugs to Edson on multiple occasions, including the drugs that Edson bought on March 14, 2018. Tr. 17.

{**¶3**} On August 15, 2019, Graham was indicted on one count of involuntary manslaughter in violation of R.C. 2903.04(A); one count of trafficking in drugs in violation of R.C. 2925.03(A)(1)(C)(1)(a); and one count of trafficking in drugs in violation of R.C. 2925.03(A)(1)(C)(6)(a). Doc. 1. On September 20, 2019, Graham pled guilty to one count of attempted involuntary manslaughter in violation of R.C.

2903.04(A) and R.C. 2923.02(A) pursuant to a plea agreement.[1] Doc. 23. The plea agreement document informed the defendant that this charge had a maximum stated prison term of eight years and a $15,000.00 fine. Doc. 23. It also contained a jointly recommended prison sentence of five years. Doc. 23.

{¶4} On September 10, 2019, Graham appeared at a change of plea and sentencing hearing. Tr. 1. Before Graham pled guilty, the trial judge informed Graham that the court was not required to impose the jointly recommended prison sentence of five years. Tr. 9. Graham indicated that he understood that the trial court did not have to follow the joint recommendation of the parties. Tr. 9. Graham then pled guilty. Tr. 15. The trial court then sentenced Graham to seven years in prison. Doc. 24.

*Assignment of Error*

{¶5} The appellant filed his notice of appeal on October 10, 2019. Doc. 43. On appeal, Graham raises the following assignment of error:

> **The trial court's sentence of the defendant-appellant to a sentence totaling (7) years, being in excess of the jointly recommended (5) years constituted a clear and convincing violation of the law in failing to properly consider and apply the felony sentencing guidelines set forth in Ohio Revised Code, Section 2929.11 and 2929.12.**

---

[1] Pursuant to the plea agreement, the State agreed to request the trial court for leave to amend the complaint from a charge of involuntary manslaughter to a charge of attempted involuntary manslaughter. Doc. 1, 23. Tr. 3. The trial court granted this request.

The appellant argues that the trial court did not adequately consider the overriding purposes of felony sentencing in R.C. 2929.11 or the felony sentencing factors set forth in R.C. 2929.12.

*Legal Standard*

{¶6} Trial courts are to sentence convicted felons in accordance with the overriding purposes of felony sentencing, which

> **are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.**

R.C. 2929.11. "To effectuate compliance with these overriding purposes, the Ohio Revised Code requires the trial court to consider a number of factors listed in R.C. 2929.12." *State v. Walton*, 3d Dist. Logan No. 8-17-55, 2018-Ohio-1680, ¶ 6. The R.C. 2929.12 factors direct the trial court to evaluate the seriousness of the offense and the likelihood of recidivism. R.C. 2929.12. R.C. 2929.12.

> **Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss them.' *State v. Polick*, 101 Ohio App.3d 428, 431 [655 N.E.2d 820] (4th Dist. 1995). A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes.**

*State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31.

{¶7} A trial court is not required to impose a more lenient sentence merely because the Defense argued that there was some mitigating evidence in this case. *See State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18 (holding that a "trial court, in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances."). "Ultimately, '[a] sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12 * * *.'" *State v. Buell*, 3d Dist. Crawford No. 3-17-14, 2018-Ohio-2140, ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 18 (6th Dist.).

{¶8} Appellate courts defer to the broad discretion of the trial court in matters of sentencing. *State v. Witt*, 3d Dist. Auglaize No. 2-17-09, 2017-Ohio-7441, ¶ 12. If the defendant establishes by clear and convincing evidence that his or her sentence is "(1) contrary to law and/or (2) unsupported by the record," an appellate court has the authority, pursuant to R.C. 2953.08(G)(2), "to increase, reduce, or otherwise modify a sentence * * *." *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22,

quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three

of the syllabus.

*Legal Analysis*

{¶9} In this case, the trial judge stated the following on the record at

Graham's sentencing hearing:

> **In consideration of the purposes and principles of felony sentencing under Section 2929.11, in considering the recidivism and seriousness factors set forth in Chapter 2929, the Court SENTENCES the Defendant to SEVEN (7) YEARS in the DEPARTMENT OF REHABILITATION AND CORRECTIONS * * *.**

Tr. 35. Further, the trial court, in its judgment entry, stated that it considered the

purposes and principles of sentencing in R.C. 2929.11 in addition to the seriousness

and recidivism factors. Doc. 24.

{¶10} The transcript of Graham's sentencing hearing indicates that the trial

court considered information that is relevant to the felony sentencing factors in R.C.

2929.12. The State, in its recitation of facts, stated Edson died of an overdose after

ingesting the drugs that he purchased from Graham. Tr. 16. The trial court was also

aware that Edson chose to purchase and use the controlled substances sold to him

by Graham. Tr. 16.

{¶11} Graham also expressed remorse for his actions at his sentencing

hearing. Tr. 26. In the process of determining the sentence, the trial court also

considered Graham's criminal history, which included a prior conviction for drug trafficking. Tr. 27. The trial court noted that the instant offense was committed after Graham was technically no longer on court supervision for his prior conviction for drug trafficking. Tr. 31. However, Graham admitted that his court supervision was terminated unsuccessfully after he committed a violation of the terms of his court supervision. Tr. 32-35. Thus, the trial court considered information relating to the various factors listed in R.C. 2929.12.

{¶12} In his assignment of error, Graham also notes that his sentence was in excess of what was jointly recommended by the parties. However, Graham was informed before he pled guilty that the trial court was not required to follow the joint recommendation of the parties in imposing a prison sentence. Tr. 9. Trial courts "are not bound by a jointly recommended sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28.

{¶13} The record indicates that the trial court considered the relevant factors set forth in R.C. 2929.12 and imposed a prison sentence within the range allowed by statute. R.C. 2923.02(E)(1), R.C. 2929.14(A)(2). After reviewing the evidence in the record, we conclude that Graham has not demonstrated, by clear and convincing evidence, that his sentence is contrary to law. There is some competent, credible evidence that supports the trial court's determination. Thus, Graham's sole assignment of error is overruled.

*Conclusion*

**{¶14}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Auglaize County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**SHAW P.J. and ZIMMERMAN J., concur.**

**/hls**