[Cite as *State v. Galloway*, 2022-Ohio-1135.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### HENRY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 7-21-07

      v.

MARK S. GALLOWAY, JR.,              O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 20 CR 0033

Appeal Dismissed

Date of Decision: April 4, 2022

APPEARANCES:

    *Autumn D. Adams* for Appellant

    *Gwen Howe-Gebers* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Mark S. Galloway, Jr. ("Galloway"), appeals from the October 1, 2021 judgment entries of the Henry County Court of Common Pleas, General Division, ordering him to pay restitution. For the reasons that follow, we dismiss Galloway's appeal.

{¶2} On June 24, 2020, the Henry County Grand Jury indicted Galloway on one count of Felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. On June 29, 2020, Galloway entered a written plea of not guilty, and later on July 23, 2020, Galloway appeared personally and entered his second plea of not guilty.

{¶3} At Galloway's final pretrial conference held on February 8, 2021, the State requested the trial court amend the single count in the indictment from Felonious assault to Aggravated trespass, in violation of R.C. 2911.211(A)(1), a first-degree misdemeanor, pursuant to plea negotiations recited on the record in open court. Then, Galloway withdrew his former not guilty pleas and entered a plea of guilty under a negotiated-plea agreement that included a joint-sentencing recommendation. Thereafter, the trial court immediately sentenced Galloway to serve 180 days in the Corrections Center of Northwest Ohio, with 166 days suspended on conditions. Next, the trial court ordered that Galloway be placed on probation for one year, and ordered the State to submit the amount of restitution

within 30 days, consistent with the parties joint-sentencing recommendation.[1]  The

judgment entry of sentencing was filed on February 9, 2021.

{¶4} On March 25, 2021, the State filed a motion for restitution, which the

defense opposed on August 9, 2021 on the basis that the State's request was *untimely*

filed and was seeking restitution for a non-victim.[2]  On October 1, 2021, the trial

court granted the State's motion in part by ordering Galloway to pay restitution in

the sum of $5,992.70.

{¶5} Galloway has appealed and raises three assignments of error.

### Assignment of Error No. I

**The Trial Court lacked subject matter jurisdiction over restitution.**

{¶6} In his first assignment of error, Galloway argues that the trial court erred

by exercising its subject-matter jurisdiction ordering him to pay restitution.

Specifically, he asserts that the State filed its motion *untimely* (i.e., 14 days past the

parties agreed upon timeframe), and hence, the trial court had no authority to

entertain the State's restitution motion.

---

[1] Importantly, the amount of restitution was not part of the joint-sentencing recommendation and thus, no amount was stipulated by the parties. (*See* Feb. 8, 2021 Tr. at 2-3, 6, 12).
[2] The State was requesting restitution in the amount of $1,638 payable to Advanced Care Emergency and $4,354.70 and $768.20 both payable to Wood County Hospital. (Doc. No. 36).  The State conceded that the $768.20 amount was for a non-victim (Andrea Firman) and should not have been attributed to Galloway. (Doc. No. 43).  It is undisputed that Galloway's case involves a single victim–Justin Firman. (*See* Doc. Nos. 9, 31, 39, 43)

*Standard of Review*

**{¶7}** Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *See State v. Stewart*, 3d Dist. Seneca No. 13-21-05, 2021-Ohio-2294, ¶ 6. *See also State v. Martinez*, 3d Dist. Seneca Nos. 13-11-32 and 13-11-21, 2012-Ohio-3750, ¶ 23 ("A trial court's decision granting or denying a motion to dismiss for lack of subject-matter jurisdiction is reviewed de novo."). "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147 (1992).

*Analysis*

**{¶8}** Before we can consider the merits of Galloway's first assignment of error pertaining to the subject-matter jurisdiction of the trial court, we must first determine if we have subject-matter jurisdiction to consider his appeal. The Ohio Constitution limits on our jurisdiction to the review of final judgments of a trial court. *See* Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.02. In the absence of a final appealable order, we lack subject-matter appellate jurisdiction, and thus, we must *sua sponte* dismiss an appeal. *State v. Daniels*, 1st Dist. Hamilton No. C-140242, 2014-Ohio-5160, ¶ 5, citing *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1971).

{¶9} To constitute a final appealable order under R.C. 2505.02, a judgment of conviction under Crim.R. 32(C) must include four essential elements: (1) the fact of conviction; (2) the sentence; (3) the judge's signature; and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. The trial court's October 1, 2021 restitution entry does not constitute a final appealable judgment of conviction because it does not contain the fact of conviction or the entirety of Galloway's sentence.[3]

{¶10} We recognize that the trial court's October 1, 2021 restitution entry could be read in conjunction with its February 9, 2021 judgment entry to attempt to satisfy the four elements set forth in Crim.R. 32(C), however, the Supreme Court of Ohio has held that allowing multiple judgment entries to constitute a final appealable order runs afoul of Crim.R. 32(C). *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 17, *modified in part*, *Lester*, at paragraph one of the syllabus. Indeed, the rationale behind this holding is that only one judgment entry can constitute a final appealable judgment of conviction. *Id.* Under the facts before us, the October 1, 2021 restitution entry does not satisfy the requirement of Crim.R. 32(C).

---

[3] Notwithstanding Galloway's attachment of the February 9, 2021 judgment entry to his notice of appeal and because Galloway did not raise error in his appeal related to the February 9, 2021 judgment entry, we render no determination regarding whether that judgment entry constitutes a final appealable judgment of conviction. *Compare State v. Johnson*, 3d Dist. Logan No. 8-20-42, 2021-Ohio-1869, ¶ 12-14.

{¶11} Hence, we are compelled to dismiss Galloway's appeal for lack of subject-matter jurisdiction. *See Daniels* at ¶ 7.

**Assignment of Error No. II**

**The Trial Court erred when it denied Galloway's Motion to Dismiss as the State sought restitution for a non-victim.**

**Assignment of Error No. III**

**The Trial Court abused its discretion in ordering restitution as it ordered an amount of restitution that was not sought and it failed to specify to whom the restitution was paid.**

{¶12} In his second assignment of error, Galloway argues that the trial court erred when it denied his motion to dismiss because the State's motion sought an order of restitution for a non-victim. In his third assignment of error, Galloway asserts that the trial court abused its discretion by issuing a judgment entry that is facially defective since the trial court ordered an amount that was different from the State's prayer for relief, and the trial court's order did not specify the obligee.

{¶13} We have concerns with the State's request for restitution for a *non-victim* coupled with the lack of specificity regarding to whom the restitution would be allocated. However, our determination that we lack subject-matter appellate jurisdiction has rendered Galloway's second and third assignments of error moot prior to reaching a decision on these issues.

{¶14} Notwithstanding our concerns, we dismiss Galloway's appeal for lack of appellate jurisdiction.

*Appeal Dismissed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**