[Cite as *State v. Dearmond*, 2022-Ohio-2324.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  8-21-43

    v.

DEVON L. DEARMOND,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 20 01 0002

Appeal Dismissed

Date of Decision:   July 5, 2022

APPEARANCES:

    *Christopher R. Bucio* for Appellant

    *Sarah J. Warren* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Devon L Dearmond ("Dearmond"), brings this appeal from the November 2, 2021 judgment of the Logan County Common Pleas Court sentencing him to an indefinite prison term of six to nine years after Dearmond was convicted in a jury trial of two counts of felonious assault. On appeal, Dearmond argues that he received ineffective assistance of counsel, and that the trial court abused its discretion by denying his request for a jury instruction on self-defense. However, because the trial court specifically reserved the issue of restitution and explicitly declared that its own "sentencing entry" was not a final appealable order, we must dismiss the instant appeal.

*Background*

{¶2} On January 12, 2021, Dearmond was indicted for attempted murder, aggravated robbery, two counts of felonious assault, and tampering with evidence. Dearmond pled not guilty to the charges and proceeded to a jury trial wherein he was acquitted of the attempted murder and aggravated robbery charges; however, he was convicted of both counts of felonious assault. Notably, the tampering with evidence charge was dismissed by the State.

{¶3} On November 2, 2021, Dearmond's case proceeded to sentencing. There was some discussion at the sentencing hearing regarding restitution to the two victims Dearmond had stabbed. When the issue of restitution was raised, the trial

court stated that it would hold a separate hearing on the matter. Dearmond was then ordered to serve concurrent, indefinite prison terms of six to nine years on each count of felonious assault.

**{¶4}** The trial court filed an entry on November 2, 2021 pronouncing Dearmond's prison sentence; however, the entry retained jurisdiction over the issue of restitution.

**{¶5}** On November 4, 2021, the trial court filed a "Judgment Entry setting status conference on restitution and tolling of time for defendant to appeal." (Doc. No. 272). In that entry, the trial court stated:

> **At the sentencing hearing, the Court expressly reserved its decision on the victims' request for restitution until the Ohio Supreme Court decides the recoverability of lost wages and mileage that is currently pending before the Court in *State v. Yerkey*[, 2020-Ohio-1392]. Thus, the Court's sentencing entry is NOT a final appealable order. The Court has put on a nunc pro tunc sentencing entry to make this clear.[1] The pending restitution hearing tolls Defendant's time to appeal until after the Court holds the restitution hearing and puts on its restitution entry.**

(*Id.*) At the conclusion of its entry, the trial court set the matter for a status conference on January 18, 2022. However, prior to that status conference,

---

[1] The trial court did file a nunc pro tunc entry that same day. We note that oral arguments were held in *Yerkey* on September 22, 2021, but no decision has been released. Given the rather typical delay of some eight months since oral arguments, we question the practice of holding cases such as this one contingent upon future resolution by the Supreme Court of Ohio especially where, as here, Dearmond remains incarcerated pending his appeal.

-3-

Case No. 8-21-43

Dearmond filed a notice of appeal, asserting the following "assignments of error" for our review.

**Assignment of Error No. 1**
**Ineffective Assistance of Counsel**

**Assignment of Error No. 2**
**Abuse of Discretion [The facts and circumstances of this case warranted a jury instruction on self-defense.]**

{¶6} Before reaching Dearmond's assignments of error, we must address a jurisdictional matter. Appellate courts have jurisdiction to review the final judgments of trial courts in their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02; *see also* App.R. 4(A). In the event that a jurisdictional issue is not raised by the parties, then we must raise it *sua sponte*.[2] *Davison v. Rini*, 115 Ohio App.3d 688 (4th Dist.1996).

{¶7} As relevant to this case, a trial court's judgment which defers or fails to specify the amount of restitution is not a final appealable order pursuant to R.C. 2505.02. *State v. Holdcroft*, 3d Dist. Wyandot No. 16-10-01, 2010-Ohio-4290, ¶ 17-19; *In re Holmes*, 70 Ohio App.2d 75 (1st Dist.1980). Moreover, a final order of restitution must allocate the specific amount between and identify the recipient victim(s). *See State v. Hartley*, 3d Dist. Union No. 14-09-42, 2010-Ohio-2018; *Holdcroft*.

---

[2] It is unclear why neither party addressed the jurisdictional issue of outstanding restitution in this matter given that the trial court had expressly stated it had not issued a final appealable order.

-4-

**{¶8}** In the instant case, at the sentencing hearing, when the State raised the issue of restitution, the trial court responded, "I think I'll just hold it all for the restitution hearing." (Nov. 2, 2021, Tr. at 5). Then, in pronouncing the sentence, the trial court stated,

> **Also in preparation for sentencing the Court – it came to the Court's attention that claims for restitution for lost wages and mileage and things of this nature are currently before the Ohio Supreme Court. They have had oral argument in that case, but the Supreme Court has not made a decision on that case, so the Court hereby is going to set a subsequent restitution hearing on the issue of whether or not those claims categories are expensible as restitution in a criminal case in Ohio. I'll keep an eye out for that decision and notify counsel when it happens and send it to you and we will schedule a subsequent hearing on that particular issue after this hearing here today.**

(Nov. 2, 2021, Tr. at 10-11).

**{¶9}** Before the trial court ever held the restitution hearing that it indicated it would hold, Dearmond filed a notice of appeal. Clearly, "the judgment entry appealed from left issues unresolved and contemplated further action to be taken by the trial court." *State v. Kline*, 3d Dist. Henry No. 7-10-09, 2010-Ohio-6378, ¶ 6. This is particularly true given that the trial court filed an entry stating as much only two days after it filed its initial sentencing entry. (Doc. No. 272).

**{¶10}** Based on the record before us, the judgment entry Dearmond appeals from does not set forth a complete sentence and is thus not a final, appealable order.

*Holdcroft; Hartley*; R.C. 2505.02. Accordingly, we lack jurisdiction over Dearmond's appeal and must dismiss it. *Id*.; *Id*.

## Conclusion

**{¶11}** For the foregoing reasons we lack jurisdiction over the matter and the instant appeal must be dismissed.

***Appeal Dismissed***

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**