[Cite as *State v. Wyne*, 2022-Ohio-4068.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO. 8-22-06

    v.

SEAN S. WYNE,                         O P I N I O N

    DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO. 8-22-07

    v.

SEAN S. WYNE,                         O P I N I O N

    DEFENDANT-APPELLANT.

Appeals from Logan County Common Pleas Court
Trial Court Nos. CR 18 06 0180 and CR 21 08 0228

Appeal Dismissed in Case No. 8-22-06 and
Judgment Affirmed in Case No. 8-22-07

Date of Decision: November 14, 2022

APPEARANCES:

    *Eric J. Allen* for Appellant

    *Stacia L. Rapp* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Sean S. Wyne, appeals the January 6, 2022 judgments of sentence of the Logan County Court of Common Pleas. For the reasons that follow, we affirm the appeal in case number 8-22-07 and dismiss the appeal in case number 8-22-06.

{¶2} This appeal involves three, separate, unrelated criminal cases. The first of the cases, case number CR 18 06 0180, arises from a December 27, 2017 incident where Wyne's roommate found him unresponsive after ingesting fentanyl. On June 12, 2018, the Logan County Grand Jury indicted Wyne on two counts: Count One of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony and Count Two of inducing panic in violation of R.C. 2917.31(A)(3), (C)(3), a fourth-degree felony. At his arraignment on June 29, 2018, Wyne pled not guilty to the charges.

{¶3} On November 1, 2018, Wyne filed a motion requesting intervention in lieu of conviction. Following a hearing held on February 7, 2019, the trial court granted Wyne's request. Pursuant to the agreement, Wyne withdrew his not guilty pleas and entered pleas of guilty to the counts in the indictment.

{¶4} However, Wyne violated the terms and conditions of his intervention in lieu of conviction.[1] Consequently, on September 9, 2020, Wyne's intervention in

---

[1] The record indicates that while Wyne's motion requesting intervention in lieu of conviction was pending in case number CR 18 06 0180, he was indicted in Logan County case number CR 18 12 0371 on four counts

lieu of conviction was terminated, and the trial court found Wyne guilty of the counts in the indictment. The trial court sentenced Wyne to community control sanctions and reserved a prison term of 12 months for Count One and 18 months for Count Two, to be served concurrently, in the event that Wyne violated the terms of his community control.

{¶5} On July 1, 2021, the State filed a motion requesting the trial court to issue an order requiring Wyne to show cause why his community control should not be revoked following violations of its terms and conditions. On December 9, 2021, Wyne entered an admission acknowledging the violation of his community control.

{¶6} On June 26, 2021, Wyne engaged in a physical altercation with his fiancée, B.L. During the incident, Wyne reportedly struck her multiple times in her face, arms, and neck. On August 10, 2021, the Logan County Grand Jury indicted Wyne on a single count of domestic violence in Logan County case number CR 21 08 0228 in violation of R.C. 2919.25(A), (D)(4), a third-degree felony. At the arraignment on August 13, 2021, Wyne entered a plea of not guilty.

{¶7} On December 9, 2021, pursuant to a plea agreement, Wyne withdrew his not guilty plea and entered a guilty plea to the count in the indictment. In

---

of domestic violence in violation of R.C. 2919.25, fourth-degree felonies, and one count of disrupting public services in violation of R.C. 2909.04, a fourth-degree felony. Pursuant to a plea agreement, Wyne was convicted of three charges of domestic violence. Although he was initially sentenced to community control sanctions, on December 9, 2021, Wyne entered an admission acknowledging the violation of his community control. On January 6, 2022, he was sentenced to 54 months in prison for the violation of his community control in this case.

exchange, the State agreed to recommend community control sanctions. The trial court accepted Wyne's plea and found him guilty as charged.

{¶8} At a sentencing hearing held on January 6, 2022, the trial court sentenced Wyne on the three pending cases. With respect to case number CR 18 06 0180, the trial court sentenced Wyne to 12 months in prison on the fourth-degree felony aggravated-possession-of-drugs charge. In case number CR 18 12 0371, the trial court sentenced Wyne to an aggregate term of 54 months in prison for the three fourth-degree felony domestic violence charges. With respect to case number CR 21 08 0228, the trial court sentenced Wyne to 24 months in prison for the third-degree domestic violence charge to be served consecutively to the sentence imposed in case number CR 18 12 0371.

{¶9} On February 7, 2022, Wyne filed his notice of appeal in case numbers CR 18 06 0180 and CR 21 08 0228. [2]

**Assignment of Error**

**The trial court erred by failing to following the joint recommendation of the parties.**

{¶10} In his sole assignment of error, Wyne argues that the trial court erred by failing to follow the parties' joint-sentence recommendation.

---

[2] Wyne did not file a notice of appeal with respect to Logan County case number CR 18 12 0371.

**{¶11}** However, before we can consider the merits of Wyne's assignment of error, we must address a jurisdictional matter. Appellate courts have jurisdiction to review the final judgments of trial courts in their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02; *see also* App.R. 4(A). In the absence of a final appealable order, this court lacks appellate subject-matter jurisdiction. *State v. Galloway*, 3d Dist. Henry No. 7-21-07, 2022-Ohio-1135, ¶ 8. Accordingly, if the parties do not raise a jurisdictional issue, we must raise it sua sponte. *State v. Dearmond*, 3d Dist. Logan No. 8-21-43, 2022-Ohio-2324, ¶ 6, citing *Davison v. Rini*, 115 Ohio App.3d 688 (4th Dist.1996).

**{¶12}** "When valid, a judgment of conviction is a final order under R.C. 2502.02(B)." *State v. White*, 156 Ohio St.3d 536, 2019-Ohio-1215, ¶ 13, citing *State v. Jackson*, 151 Ohio St.3d 239, 2017-Ohio-7469, ¶ 11. "Crim.R. 32(C) sets forth what must be contained in a judgment of conviction for it to be valid; it provides that '[a] judgment of conviction shall set forth the fact of conviction and the sentence" and that "[t]he judge shall sign the judgment and the clerk shall enter it on the journal.'" *White* at ¶ 13. The Supreme Court of Ohio has held that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 14. A sentencing

entry that does not contain these elements is not final and appealable. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus.

**{¶13}** Our review of the record in case number CR 18 06 0180 reveals that on September 9, 2020, the trial court terminated Wyne's intervention in lieu of conviction in that case. At that time, the trial court found Wyne guilty of aggravated possession of drugs in Count One and inducing panic in Count Two. (Case No. CR 18 06 0180, Doc. No. 85). The trial court imposed community control sanctions, but reserved a prison term of 12 months for Count One and 18 months for Count Two to be served concurrently to each other in the event that Wyne violated the terms of his community control. (*Id.*).

**{¶14}** On January 6, 2022, when the trial court sentenced Wyne for violating the terms of his community control in case number CR 18 06 0180, the trial court imposed a sentence for Count One, aggravated possession of drugs, but did not address Count Two, inducing panic.[3] "[T]rial courts have 'a mandatory duty "to deal with each and every charge prosecuted against the defendant[,]"' and lack the

---

[3] Additionally, our review of the record reveals an inconsistency with respect to the trial court's sentence for Count One, aggravated possession of drugs. At the sentencing hearing, the trial court stated, "In CR 18-06-0180, you are sentenced to *18 months* to be served concurrently with [the sentence in Logan County case number] CR 18-12-0371." (Emphasis added.) (Jan. 6, 2022 Tr. at 12). However, the sentencing entry states that in case number CR 18 06 0180, Wyne is sentenced to *12 months* in prison with respect to Count One, aggravated possession of drugs. (Case No. CR 18 06 0180, Doc. No. 115). We note that contrary to what was stated at the sentencing hearing, the trial court's journal entry is consistent with the hearing held on September 9, 2020, where the trial court imposed community control sanctions but reserved a prison term of 12 months for Count One, aggravated possession of drugs, and 18 months for Count Two, inducing panic. (Case No. CR 18 06 0180, Doc. No. 85). Further, as a fifth-degree felony, the statutory range for Wyne's aggravated-possession-of-drugs conviction is limited to a sentence of 6 to 12 months in prison. R.C. 2929.14(A)(5). It appears the trial court corrected itself, as to this issue, when preparing the sentencing entry.

authority 'to refuse to impose sentence altogether.'" *State v. Jackson*, 9th Dist. Summit No. 28625, 2018-Ohio-19, ¶ 12, quoting *State v. Ford*, 9th Dist. Summit No. 23269, 2006-Ohio-6961, ¶ 6, quoting *State v. Hayes*, 9th Dist. Lorain No. 99CA007416, 2000 WL 670672, *1 (May 24, 2000). "[T]he failure of an entry to dispose of a court's ruling on each prosecuted charge renders the order of the court interlocutory." *State v. Whetstone*, 5th Dist. Licking No. 2009-CA-00111, 2010-Ohio-1835, ¶ 6, citing *State v. Lewis*, 9th Dist. Lorain No. 08CA09379, ¶ 4.

**{¶15}** Accordingly, because the trial court did not impose a sentence for Count Two, inducing panic, in case number CR 18 06 0180, the judgment entry does not set forth a complete sentence and thus, is not a final appealable order. *Dearmond*, 2022-Ohio-2324, at ¶ 10. Thus, appellate case number 8-22-06, Wyne's appeal from the trial court's judgment in case number CR 18 06 0180 is dismissed.

**{¶16}** However, the sentencing entry in case number CR 21 08 0228, which corresponds to appellate case number 8-22-07, is a final appealable order. Accordingly, we address the merits of Wyne's assignment of error with respect to that case.

**{¶17}** "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and

12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that '"which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."'" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶18}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable statutory policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12. *See State v. Watts*, 3d Dist. Auglaize No. 2-20-10, 2020-Ohio-5572, ¶ 10, 14; *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31.

**{¶19}** R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony

sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶20} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). In addition, the trial court must consider "the factors set forth in [R.C. 2929.12(F)] pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Smith* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶21} In case number CR 21 08 0228, Wyne was sentenced for one count of domestic violence in violation of R.C. 2919.25(A), (D)(4), a third-degree felony. For third-degree felony domestic violence, "the prison term shall be a definite term

of nine, twelve, eighteen, twenty-four, or thirty-six months." R.C. 2929.14(A)(3)(b). The trial court sentenced Wyne to 24 months in prison, which is within the statutory range.

**{¶22}** Furthermore, the record reflects that the trial court considered R.C. 2929.11 and 2929.12 when it sentenced Wyne. At the sentencing hearing, the trial court specifically stated that it "considered the purposes and principles of sentencing as set forth in Ohio Revised Code Section 2929.11 and Ohio Revised Code Section 2929.12." (Jan. 6, 2022 Tr. at 10). The trial court then specifically referenced the principles of felony sentencing contained in R.C. 2929.11, and discussed the applicable R.C. 2929.12 factors. (*Id.* at 10-11). Additionally, in the judgment entry of sentence, the trial court indicated it considered "the purposes and principals of sentencing under R.C. 2929.11, and the need for deterrence, incapacitation, rehabilitation, and restitution." (Case No. CR 21 08 0228, Doc. No. 38). "A trial court's statement that it considered the required statutory factors * * * is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. Therefore, because Wyne's sentence is within the statutory range and the record supports that the trial court fulfilled its obligation of considering R.C. 2929.11 and 2929.12, his sentence is valid. *See Watts*, 2020-Ohio-5572, at ¶ 14.

**{¶23}** Nevertheless, Wyne summarily argues that the trial court erred by declining to follow the parties' joint-sentence recommendation seeking imposition of community control sanctions. However, "[t]rial courts 'are not bound by a jointly recommended sentence.'" *State v. Graham*, 3d Dist. Auglaize No. 2-19-11, 2020-Ohio-1063, ¶ 12, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28. As outlined above, Wyne's sentence is within in the statutory range and it is clear that the trial court considered R.C. 2929.11 and 2929.12 when fashioning his sentence. Hence, Wyne's sentence is not clearly and convincingly contrary to law, and it must therefore be affirmed. *See State v. Slife*, 3d Dist. Auglaize No. 2-20-17, 2021-Ohio-644, ¶ 17.

**{¶24}** Wyne's assignment of error is overruled. Having found no error prejudicial to the appellant here in the particulars assigned and argued, we affirm the judgment of the Logan County Court of Common Pleas in case number CR 21 08 0228, appellate case number 8-22-07. The appeal in case number CR 18 06 0180, appellate case number 8-22-06, is dismissed.

*Appeal Dismissed in Case No. 8-22-06 and*
*Judgment Affirmed in Case No. 8-22-07*

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**