[Cite as *State v. Finchman*, 2024-Ohio-2613.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

EDWARD A. FINCHMAN,

    DEFENDANT-APPELLANT.

CASE NO. 9-23-68

O P I N I O N

---

**Appeal from Marion County Common Pleas Court
Trial Court No. 23-CR-184**

**Judgment Affirmed**

**Date of Decision:  July 8, 2024**

---

APPEARANCES:

    *W. Joseph Edwards* **for Appellant**

    *Allison M. Kesler* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Edward A. Finchman ("Finchman"), appeals the September 27, 2023 judgment entry of sentencing of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On May 10, 2023, the Marion County Grand Jury indicted Finchman on a single count of strangulation in violation of R.C. 2903.18(B)(3), (C)(3), a fourth-degree felony. Finchman appeared for arraignment on May 15, 2023, and entered a plea of not guilty.

{¶3} On August 31, 2023, Finchman withdrew his plea of not guilty and entered a guilty plea, under a negotiated-plea agreement, to the sole count of the indictment. In exchange for Finchman's change of plea, the State agreed to a joint-sentencing recommendation of community control. The trial court accepted Finchman's guilty plea, found him guilty, and ordered a presentence investigation.

{¶4} On September 26, 2023, the trial court sentenced Finchman to 15 months in prison.[1]

{¶5} On September 27, 2023, Finchman filed a notice of appeal. He raises one assignment of error for our review.

---

[1] The trial court filed its judgment entry of sentencing on September 27, 2023.

## Assignment of Error

**The Trial Court Erred When It Sentenced Appellant To 15 Months In Prison Instead Of Taking The Joint Recommendation Of Community Control.**

{¶6} In his sole assignment of error, Finchman argues that the 15-month prison sentence is contrary to law because the trial court did not impose the parties' joint-sentencing recommendation of community control. Specifically, Finchman argues that, based on his criminal history and past abusive behavior, he needs community control sanctions rather than a prison term. Finchman requests that the sentence be vacated and the matter remanded for resentencing to give him "the help he needs in an effort to put an end to his poor pattern of behavior." (Appellant's Brief at 3).

### *Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, otherwise modify, or vacate a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶8}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9. "A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable statutory policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12." *State v. Wyne*, 3d Dist. Logan Nos. 8-22-06 and 8-22-07, 2022-Ohio-4068, ¶ 18.

**{¶9}** In relevant part, R.C. 2929.11 provides that

> [t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs the sentencing court to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct

and its impact upon the victim' and also be consistent with sentences imposed in similar cases.'" *Smith* at ¶ 10, quoting R.C. 2929.11(B).

**{¶10}** "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10. "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.).

**{¶11}** In this case, the trial court sentenced Finchman to 15 months in prison for fourth-degree felony strangulation.[2] "For a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). Thus, the trial court sentenced Finchman within the permissible statutory range for a fourth-degree felony.

**{¶12}** In addition, the record reflects that the trial court considered R.C. 2929.11 and 2929.12 when fashioning Finchman's sentence. At the sentencing hearing, the trial court stated that it considered the principles and purposes of felony sentencing. As to the applicable sentencing factors, the trial court noted that the victim suffered serious psychological harm as a result of the offense, and that

---

[2] Strangulation is an "[o]ffense of violence" such that the statutory presumption in favor of community control sanctions for a fourth-degree felony is inapplicable here. R.C. 2901.01(A)(9)(a). *See* R.C. 2903.18; R.C. 2929.13(B).

Finchman's relationship with the victim facilitated the offense. The trial court further noted that Finchman shows no genuine remorse for the offense. The trial court indicated that Finchman has a history of criminal convictions—including assault, domestic violence, and endangering children—and has not responded favorably to sanctions previously imposed. After considering the foregoing, the trial court determined that community control sanctions would be inappropriate and sentenced Finchman to 15 months in prison.

{¶13} Nevertheless, Finchman argues that the trial court erred in rejecting the parties' joint-sentencing recommendation of community control. Finchman asserts that his sentence "should be reduced to community control sanctions rather than prison time" to address his needs and "put an end to his poor pattern of behavior." (Appellant's Brief at 2-3).

{¶14} It is well established that "'[t]rial courts "are not bound by a jointly recommended sentence."'" *Wyne*, 2022-Ohio-4068, at ¶ 23, quoting *State v. Graham*, 3d Dist. Auglaize No. 2-19-11, 2020-Ohio-1063, ¶ 12, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28. In fact, "'[a] trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor."'" *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 6, quoting *State v. Buchanan*, 154 Ohio App.3d 250,

2003-Ohio-4772, ¶ 13 (5th Dist.), quoting *State v. Pettiford*, 12th Dist. Fayette No. CA2001-08-014, 2002 WL 652371, *3 (Apr. 22, 2002).

**{¶15}** Here, Finchman entered into a negotiated-plea agreement wherein he agreed to plead guilty to fourth-degree felony strangulation and the State agreed to a joint-sentencing recommendation of community control. At the plea hearing, the trial court duly informed Finchman of the applicable penalties for a fourth-degree felony. The trial court further informed Finchman that it was not bound to follow the parties' joint-sentencing recommendation and that the duty and discretion to impose the appropriate sentence rested solely with the court.

**{¶16}** Based on our review of the record, we conclude the trial court did not err in rejecting the parties' joint-sentencing recommendation of community control and imposing a 15-month prison sentence. Prior to accepting Finchman's guilty plea, the trial court forewarned Finchman of the maximum penalty and that it was not bound to follow the parties' joint-sentencing recommendation. *See Kelsey* at ¶ 6. Furthermore, as detailed above, the trial court considered the seriousness of the offense, Finchman's lack of genuine remorse, his history of criminal convictions, and that he has not responded favorably to sanctions previously imposed. Therefore, because Finchman's sentence is within the permissible statutory range and the trial court properly considered R.C. 2929.11 and 2929.12, the sentence is valid and not contrary to law. *See Wyne* at ¶ 18.

**{¶17}** Finchman's assignment of error is overruled.

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/hls**