[Cite as *State v. Williams*, 2024-Ohio-4837.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

MATTHEW F. WILLIAMS,

    DEFENDANT-APPELLANT.

CASE NO. 2-24-02

O P I N I O N

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2024-CR-01

Judgment Affirmed

Date of Decision:  October 7, 2024

APPEARANCES:

    *Nicholas A. Catania* for Appellant

    *Joshua A. Muhlenkamp* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Matthew F. Williams ("Williams"), appeals the March 28, 2024 judgment entry of sentencing of the Auglaize County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case stems from a traffic stop and subsequent arrest of Williams for possession of methamphetamine. Two days later, while incarcerated at the Auglaize County Jail, it was discovered that Williams had more than 35 grams of cocaine concealed on his person. Williams admitted to bringing the cocaine into the jail, using it, and passing it around to other inmates.

{¶3} On January 4, 2024, the Auglaize County Grand Jury indicted Williams on Count One of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A)(C)(1)(c), a second-degree felony; Count Two of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(e), a first-degree felony; and Count Three of illegal conveyance of drugs onto the grounds of a detention facility in violation of R.C. 2921.36(A)(2), a felony of the third degree. Williams appeared for arraignment on January 5, 2024, and entered pleas of not guilty.

{¶4} On March 27, 2024, Williams withdrew his plea of not guilty and entered a guilty plea, under a negotiated plea agreement, to Count Two of the indictment. In exchange for his guilty plea to Count Two, the State moved to dismiss Counts One and Three of the indictment, which the trial court granted. The

trial court accepted Williams's guilty plea, found him guilty, and sentenced Williams to a minimum term of nine years in prison to a maximum term of 13.5 years in prison on Count Two of possession of cocaine, a first-degree felony.[1]

{¶5} On April 19, 2024, Williams filed a notice of appeal. He raises one assignment of error for our review.

### Assignment of Error

**The Trial Court Committed Prejudicial Error When It Failed To Properly Follow The Sentencing Criteria Set Forth In Ohio Revised Code, Section 2929.14 Resulting In The Defendant-Appellant Receiving A Sentence Which Is Contrary To Law.**

{¶6} In his sole assignment of error, Williams argues that the sentence imposed by the trial court is not supported by the record because he "did not hurt anyone or intend to hurt anyone" and he is "not a violent man or a threat to society." (Appellant's Brief at 11). Even though Williams concedes that his sentence is within the statutory range for a first-degree felony, he requests that the sentence be vacated and the matter remanded for resentencing to a shorter prison term.

### *Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, otherwise modify, or vacate a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*,

---

[1] The trial court filed its judgment entry of sentencing on March 28, 2024.

2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶8}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 9 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d Dist.). "A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable statutory policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12." *State v. Wyne*, 2022-Ohio-4068, ¶ 18 (3d Dist.).

**{¶9}** In relevant part, R.C. 2929.11 provides that

[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs the sentencing court to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases.'" *Smith* at ¶ 10, quoting R.C. 2929.11(B).

{¶10} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10. "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 18 (6th Dist.).

{¶11} In this case, the trial court sentenced Williams to a minimum term of nine years in prison to a maximum term of 13.5 years in prison for possession of cocaine, a first-degree felony. For a first-degree felony,

> the prison term shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is [equal to the stated minimum term plus fifty per cent of that term].

R.C. 2929.14(A)(1)(a). *See also* R.C. 2929.144(A) and (B)(1). Thus, the trial court sentenced Williams within the permissible statutory range for a first-degree felony.

{¶12} In addition, the record reflects that the trial court considered R.C. 2929.11 and 2929.12 when fashioning Williams's sentence. At the combined change-of-plea and sentencing hearing, the trial court stated that it considered the

purposes and principles of felony sentencing. As to the applicable sentencing factors, the trial court noted that Williams has a "sad and tragic record" that includes two prior convictions for trafficking in drugs and several drug-possession convictions. (March 27, 2024 Tr. at 45).

{¶13} With respect to his extensive criminal record, Williams informed the trial court that he is 57 years of age and has "spent most of [his] life in prison." (*Id.* at 37). Williams stated that he started abusing drugs at 18 and that he sells drugs to support his addiction. The trial court noted that Williams recently served four years in prison for a trafficking-in-cocaine conviction from 2018. As to the instant possession-of-cocaine offense, Williams admitted to bringing the cocaine into the jail, using it, and passing it around to other inmates.

{¶14} Based on our review of the record, we conclude the trial court did not err in sentencing Williams to a minimum term of nine years in prison to a maximum term of 13.5 years in prison for possession of cocaine, a first-degree felony. As detailed above, the trial court considered the seriousness of Williams's conduct and the likelihood of his recidivism. The trial court also considered his extensive criminal history that includes trafficking-in-cocaine convictions and drug-possession offenses. Therefore, because Williams's sentence is within the permissible statutory range and the trial court properly considered R.C. 2929.11 and 2929.12, the sentence is valid and not contrary to law. *See Wyne*, 2022-Ohio-4068, at ¶ 18 (3d Dist.).

**{¶15}** Williams's assignment of error is overruled.

**{¶16}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK and MILLER, J.J., concur.**

**/hls**